port and maintenance during his life, so that whatever claim William S. Wilson has against the fund is subject to Boch's claim for reimbursement. It appears that in 1887 the property in question belonged to the father, William S. Wilson, but that in July of that year he parted with the title. His judgment creditors, the first of whose judgments were obtained and docketed in 1890, claim the surplus. As their judgments were obtained after he had conveyed the fee, they never became an actual lien on the land. And, assuming that there was no consideration for the conveyance of the property by the father, it does not appear that he was then insolvent, so that in the hands of his grantees the property was never charged with the lien of the judgments. Bank v. Hamilton (Sup.) 27 N. Y. Supp. 1029, affirmed in 149 N. Y. 587, 44 N. E. 1124; Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105. On the death of William A. Wilson, the trust became passive, and the legal title reverted to William S. Wilson. Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; Roberts v. Cary, 84 Hun, 328, 32 N. Y. Supp. 563; In re Tienken, 131 N. Y. 391, 30 N. E. 109. William A. Wilson had at the time of his death merely an equitable estate in the property, which was determined by his death, and did not go to his heirs.

Exceptions overruled, and the referee's report confirmed.

---

## SCHNELL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1899.)

PLEADING—MOTION TO STRIKE OUT.

Allegations in a complaint intended to show the duty of defendant to maintain the tracks of a railroad in repair, and under which evidence to establish such duty may be introduced, will not be stricken out on motion, and are not to be regarded in that respect as conclusions of law, but as averments of facts.

Appeal from special term.

Action by Charles Schnell against the Metropolitan Street-Railway Company. Appeal by defendant from an order denying a motion to strike out certain paragraphs of the complaint on the ground that they were redundant, and that they were averments of conclusions of law. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown (Henry A. Robinson, on the brief), for appellant. Herbert C. Smyth, for respondent.

PER CURIAM. While the complaint in this case is subject to just criticism by reason of its unnecessary averments, yet it clearly appears from all the allegations that the plaintiff charges the defendant with the operation of the railroad and the duty of maintaining the tracks in repair, and, under these averments, he may introduce any evidence showing the obligation either as owner or lessee. In this respect the averments are not to be treated as conclusions

of law, but as averments of fact, at least sufficient to resist the motion to strike out.

The order should be affirmed, with $10 costs and disbursements.